## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Warren W. Gieseke, | Case No. 0:15-cv-03123 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Northstar Location Services, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

### JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Warren W. Gieseke (hereinafter "Plaintiff") is a natural person who resides in the City of Cambridge, County of Isanti, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Northstar Location Services, LLC (hereinafter "Defendant") is a

-1-

collection agency and foreign company with a registered office address located at 4285 Genesee Street, Cheektowaga, NY 14225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    Prior to July 2014, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the balance of a personal Discover Bank credit card.

7.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8.    On or around June 8, 2015, Defendant sent a collection letter to Plaintiff that demanded payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9.    Defendant's June 8, 2015, collection letter provided the following account details:

| Creditor | Account # | Balance | Amount Remitted |
|---|---|---|---|
| Discover Bank | ************1584 | $2,034.80 | |

10.   Defendant's June 8, 2015, collection letter continued by providing Plaintiff with several payment options and stating, in relevant part, the following:

> The above account has been referred to our office by Discover Bank. Your account is listed as delinquent with a total amount

due of $2,034.80.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

11.    In response to Defendant's June 8, 2015, collection letter, Plaintiff sent Defendant a letter regarding this alleged debt.

12.    On July 7, 2015, Plaintiff sent Defendant a letter notifying Defendant that he was refusing to pay this alleged debt, which acted as a request for Defendant to cease further communication with him pursuant to 15 U.S.C. § 1692c(c).

13.    Specifically, Plaintiff's written refusal to pay stated the following:

North Star Location Services
4285 Genesee St
Cheektowaga, NY 14225-1943

RE: # 1584

Dear Collector,

I am writing in response to your collection letter. I am refusing to pay this debt.

Sincerely,

Warren Gieseke

14.    Plaintiff's written refusal to pay was delivered to Defendant on July 11, 2015.

*Illegal Collection Letter After Plaintiff's Written Refusal to Pay*

15.    On or around July 13, 2015, Defendant sent another collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16.    Defendant's July 13, 2015, collection letter again related to the same Discover Bank account ending in 1584 with an alleged balance of $2,034.80.

17.    Defendant's July 13, 2015, collection letter stated, in relevant part, the following:

> Northstar Location Services, LLC has been authorized by our client, Discover Bank, to settle your account for $427.31 which is 21% of the current balance due.
>
> This special settlement offer is good until 07/28/15. All payments must be received by this date. Do not miss this opportunity.
>
> Detach and submit the top portion of this letter along with your payment or if you prefer to pay by Check-by-Phone or MasterCard/Visa, you may contact our office at 1-866-224-9825 to make arrangements. You may also visit our website at www.gotonls.com to make a payment.
>
> Please be advised that if this item does not clear through your bank, this settlement offer will be considered null and void. We

are not obligated to renew this offer.

This settlement may have tax consequences.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

18.  Notably, despite having received Plaintiff's written refusal to pay, Defendant's July 13, 2015, collection letter demanded payment from Plaintiff for this same debt after Plaintiff specifically stated, in writing, that he refused to pay this alleged debt.

19.  Defendant's July 13, 2015, collection letter did not advise Plaintiff that Defendant's collection efforts were being terminated, nor did it notify Plaintiff that Defendant may invoke, or intends to invoke, specified remedies.

20.  Rather, Defendant ignored Plaintiff's written refusal to pay and continued to collect this alleged debt from Plaintiff.

21.  Defendant's failure to cease communication with Plaintiff, after it received Plaintiff's written refusal to pay, was an act done in violation of the FDCPA at 15 U.S.C. §§ 1692c(a)(1) and 1692c(c).

22.  This collection communication from Defendant was a deceptive, misleading, unfair and illegal communication in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA,

including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(c), 1692d, 1692e, 1692e(10), and 1692f, amongst others.

*Summary*

23.  The above-described collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant, after Plaintiff specifically stated, in writing, that he refused to pay this alleged debt, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

24.  Defendant's continued collection of this debt after receiving Plaintiff's written refusal to pay was an unfair and deceptive attempt to collect this debt, which materially misled Plaintiff as to his rights to cease these communications, and which affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

*Respondeat Superior Liability*

25.  The acts and omissions of the individual employees and agents of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

26.  The acts and omissions by these individuals and these other debt collectors

were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, these individuals and the other debt collectors were motivated to benefit their principal, Defendant.

28. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited

to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

32.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: July 23, 2015

By: s/Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA    )
                               ) ss

COUNTY OF ISANTI        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Warren W. Gieseke, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____7_____ __23__ , __2015__
                    Month       Day      Year

Signature

-10-